IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JASON BLANK,

                Plaintiff,

   v.                                 MEMORANDUM AND ORDER

MICHAEL J. ASTRUE,                     07-cv-320-jcs
Commissioner of Social Security,

                Defendant.
_____

    Plaintiff Jason Blank brings this action pursuant to 42 U.S.C. § 405(g) for review of the defendant Commissioner's final decision denying him Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). He asks the Court to reverse the decision of the Commissioner or to remand the case for further proceedings.

    Plaintiff applied for benefits on June 14, 2004 alleging disability since May 21, 2004 due to depression, polysubstance abuse, attention deficit disorder and pain in his neck and shoulders. His applications were denied initially and upon reconsideration.

    A hearing was held on January 27, 2006 before Administrative Law Judge (ALJ) Michael D. Quayle. In a written decision dated February 14, 2004 the ALJ found plaintiff not disabled. The ALJ's decision became the final decision of the Commissioner when the

Appeals Council denied plaintiff's request for review on April 19, 2007.

FACTS

Plaintiff was born on April 11, 1975. He is a high school graduate and has past relevant work experience as a restaurant cook, tree trimmer, bartender, maintenance worker, dishwasher and carpenter.

**MEDICAL EVIDENCE-PHYSICAL IMPAIRMENT**

Plaintiff injured his back in 2000. In May 2004 plaintiff reported to his primary care physician Dr. Harry D. Malcolm that he was having neck and shoulder pain. Dr. Malcolm's examination of plaintiff was essentially normal. Dr. Malcolm declined to prescribe strong pain medication due to plaintiff's history of polysubstance abuse.

In August 2004 plaintiff saw Dr. Malcolm for elbow pain. Examination of plaintiff's shoulders was normal. Plaintiff saw Dr. Malcolm twice in March 2005. Plaintiff reported some tingling pain in his low back radiating into his left leg. An MRI scan showed that plaintiff had bulging discs at L4-5 and L3-4 but no "clear-cut" pathology. X-rays were unremarkable.

In April 2005 Dr. Malcolm noted that other than some tenderness plaintiff's physical examination was normal. Dr. Malcolm referred plaintiff to physical therapy.

On June 9, 2005 Dr. Malcolm completed a residual functional capacity for plaintiff. He concluded that plaintiff was "possibly" capable of low stress work, could sit or stand for thirty minutes at a time and at least six hours in an eight-hour work day; had no limitations regarding walking; would need to shift positions at will and take unscheduled breaks, could not lift more than twenty pounds rarely and ten pounds occasionally; could occasionally turn his neck and perform postural movements; and would likely be absent from work more than four days per month due to the combination of his physical and mental impairments.

**MEDICAL EVIDENCE-PSYCHOLOGICAL IMPAIRMENTS**

In June 2004 plaintiff was briefly hospitalized for psychiatric care due to recent mood swings. Dr. Malcolm noted that plaintiff was using alcohol, cocaine and black market oxycodone. He also noted that plaintiff had previously been hospitalized for depression.

On July 24, 2004 Uzma Yunus, M.D., a psychiatrist, treated plaintiff. Plaintiff was diagnosed with bipolar disorder, depression and attention deficit hyperactivity disorder. Dr. Yunas prescribed Seroquel, Depakote and Strattera for plaintiff through 2004. In December 2004 Dr. Yunus changed plaintiff's prescription for depression to Wellbutrin and then to Zoloft.

On March 1, 2005 Dr. Yunus noted that plaintiff was taking his Zoloft and that it was helping his depression. Dr. Yunas saw plaintiff nine times between July 2004 and June 2005.

` On June 18, 2005 Dr. Yunus opined that plaintiff would be unable to meet competitive standards in most mental work-related functions. He also concluded that plaintiff would likely miss work more than four days per month due to his psychological symptoms.

On March 24, 2005 plaintiff's treating therapist Dr. Sheila Herbert, Ph.D., completed a Psychiatric questionnaire for plaintiff. She noted that she had treated him since 2002. She noted that he had a history of bipolar disorder, learning disabilities, attention-deficit hyperactivity disorder and polysubstance abuse. She indicated that plaintiff had a poor ability to understand, carry out and remember instructions and to respond to supervisors and co-workers. She noted that he had periods of decompensation.

**STATE AGENCY FINDINGS**

On September 28, 2004 Dr. Marcus P. Desmonde, Ph.D, a state agency physician, completed a mental status examination of plaintiff. Dr. Desmonde concluded that plaintiff exhibited good immediate and remote memory, adequate concentration, awareness of current events and average intelligence. Dr. Desmonde found plaintiff had moderate psychological limitations. He stated as follows, "He may have problems tolerating the stress and pressure

4

of full time competitive employment at this time. However, stress tolerance in a part time job or on a four hour shift is not precluded."

On October 14, 2004 Michael Baumblatt, a state agency physician, reviewed the record and assessed plaintiff's ability to work. He concluded that plaintiff could perform the full range of medium work, which required lifting fifty pounds occasionally and twenty-five pounds frequently.

The same date Keith E. Bauer, Ph.D., a state agency psychologist, reviewed the record and concluded plaintiff had attention deficit hyperactivity disorder, depression and a substance addiction disorder. He concluded that plaintiff had mild restrictions of daily living and mild difficulties in maintaining social functioning. He also concluded that plaintiff had moderate difficulties in maintaining concentration, persistence or pace but no episodes of decompensation of extended duration.

In 2005 Anthony J. Matkom, PhD., a state agency physician, completed a psychiatric review technique form for plaintiff. He concluded that plaintiff has affective disorders, anxiety-related disorders and substance addiction disorders. He found plaintiff had mild restrictions of activities of daily living and mild difficulties in maintaining social functioning. He also found that plaintiff had moderate difficulties in maintaining concentration,

persistence or pace and had experienced one or two periods of decompensation of extended duration.

**HEARING TESTIMONY**

At the January 27, 2006 hearing before the ALJ plaintiff appeared with counsel and testified that he had three children under age eight and that his oldest child lived with him and his parents. He also testified that he had a learning disability, attention deficit hyperactivity disorder, bipolar disorder and depression and was being treated by Dr. Yunus at the Ashland Clinic. He testified that he was taking Depakote and Stattera. Plaintiff testified that he had not had any substance abuse issues for the past two and one-half years. He did, however, admit to drinking in March 2005.

Edward J. Utities, a vocational expert, was present at the hearing and had reviewed the record. The ALJ asked the expert whether an individual of plaintiff's age, education and work experience who was limited to lifting no more than 20 pounds, no working overhead or at arms length for prolonged periods of time, no climbing or crawling, occasional crouching, kneeling and reaching and no work in safety sensitive capacity. The expert testified that such an individual could perform at least 5,000 light assembly jobs in the State of Wisconsin. The expert further testified that the number of available jobs would not decrease if the individual were further limited to work that required only

superficial contact with others and no more than three-step commands.  The expert testified that there were no jobs exiting in the  national economy that could be performed by an individual who had the limitations found by either Dr. Yunus or Dr. Malcolm.

**THE ALJ'S DECISION**

In his February 14, 2006 written decision the ALJ concluded that plaintiff had severe impairments of bipolar disorder, depression, attention deficit hyperactivity disorder, substance addiction disorder and chronic neck and back pain but that these impairments singly or in combination did not meet or equal a listed impairment.  He concluded that plaintiff had the residual functional capacity to lift and carry up to 20 pounds occasionally, stand and walk up to six hours per day, sit up to six hours per day, occasionally stoop, climb stairs, kneel, crouch and reach but never to crawl, do overhead work or work at arms length.  The ALJ found that plaintiff was further limited to work not requiring a safety sensitive capacity, more than three-step commands or more than brief and superficial contact with other people which does not take place in an environment where drugs or alcohol are available.

In determining plaintiff's residual functional capacity the Court rejected the opinions of Dr. Malcolm and Dr. Yunas, plaintiff's treating physicians who stated, "The undersigned rejects these opinions as not supported by actual findings on examination."  The ALJ found that the treatment notes indicated

that plaintiff's attention deficit disorder and depression ere stable with medication. The ALJ further stated, "Under these circumstances the conclusions of Dr. Yunus and Dr. Malcolm, that the claimant lacks the capacity to engage in any work activity, whatsoever, cannot be given controlling weight."

The ALJ found based on the vocational expert's testimony that there were 5,000 jobs available in the national economy that plaintiff could perform. The ALJ noted that pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles. The ALJ found that plaintiff was not disabled.

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(c) and 416.920(b)).
>
> 3. The claimant has the following severe impairments: Bipolar disorder, depression, attention deficit hyperactivity disorder, substance addiction disorder and chronic back and neck pain.
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record the undersigned finds that the claimant

has the residual functional capacity to lift and carry up to 20 pounds occasionally, stand and walk up to six hours per day, sit up to six hours per day, occasionally stoop, climb stairs, kneel and crouch, but never crawl, do overhead work, or work at arms length, is limited to occasional reaching, and is further limited to work requiring no more than three-step commands, brief and superficial contact with other people, which does not take place in an environment where drugs or alcohol are available, or which requires work in a safety sensitive capacity.

6. The claimant has past relevant work as a restaurant cook, tree trimmer, bartender, maintenance worker, dishwasher and carpenter (Exhibit 11E)(20 CFR 404.1565 and 416.965).

7. The claimant was born on April 11, 1975 and was 29 years old on the alleged disability onset date, which is defined as a younger individual in the regulations.

8. The claimant is unable to perform any past relevant work (20 CFR 404.1563 and 416.963).

9. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10. Transferability of job skills is not material to the claimant's age (20 CFR 404.1568 and 416.968).

11. Considering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).

12. The claimant has not been under a "disability", as defined in the Social Security Act, from May 21, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

OPINION

This Court must determine whether the decision of the Commissioner that plaintiff was not disabled is based on substantial evidence pursuant to 42 U.S.C. § 405(g). See Arbogast v. Bowen, 860 F. 2d 1400, 1402-1403 (7th Cir. 1988). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

Disability determinations are made pursuant to a five-step sequential evaluation procedure. 20 CFR § 404.1520(a)-(f). First, the claimant must not be performing substantial gainful activity. Second, the claimant must have a severe, medically determinable impairment. Third, a claimant will be found disabled if his or her impairment is equal in severity to a listed impairment in 20 C.F.R. Subpart P, Appendix 1. Fourth, if the claimant does not meet the third test, he/she must not be able to perform his/her past work. Fifth, if the claimant cannot perform his/her past work, he or she must not be able to perform any existing jobs available in the national economy given his or her educational background, vocational history and residual functional capacity.

The ALJ concluded that plaintiff had severe impairments of bipolar disorder, depression, attention deficit hyperactivity disorder, substance addiction disorder and chronic neck and back pain but that these impairments singly or in combination did not

10

meet or equal a listed impairment. He concluded that plaintiff had the residual functional capacity to lift and carry up to 20 pounds occasionally, stand and walk up to six hours per day, sit up to six hours per day, occasionally stoop, climb stairs, kneel, crouch and reach but never to crawl, do overhead work or work at arms length. The ALJ found that plaintiff was further limited to work not requiring a safety sensitive capacity, more than three-step commands or more than brief and superficial contact with other people which does not take place in an environment where drugs or alcohol are available. The ALJ found that plaintiff was not disabled based on the vocational expert's testimony that there were 5,000 jobs available in the national economy that plaintiff could perform.

Plaintiff argues that the ALJ failed to resolve the inconsistencies between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) was required by SSR 00-4p and Prochaska v. Barnhart, 454 F.3d 731 (7th Cir. 2006). In his decision the ALJ specifically found that the expert's testimony was consistent with the DOT pursuant to SSR 00-4p. The ALJ complied with the requirements of Prochaska.

Plaintiff also claims that the ALJ erred in discrediting the opinions of plaintiff's treating physicians, Dr. Yunus and Dr. Malcolm. Both Dr. Malcolm and Dr. Yunus concluded that plaintiff would miss four days a work a month. Dr. Malcolm concluded

11

plaintiff was "possibly" capable of low stress work but Dr. Yunas found that plaintiff would not be capable of meeting the mental work related functions of competitive work. The vocational expert testified that based on the opinions of Dr. Malcolm and Dr. Yunus there were no jobs in the national economy that plaintiff could perform. Had the ALJ given controlling weight to the opinions of Dr. Malcolm and Dr. Yunas he would have found that plaintiff was disabled.

The opinions of plaintiff's treating physicians, Dr. Malcolm and Dr. Yunus, are to be given controlling weight if well-supported by medically accepted clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p. Failure to provide good reasons for discrediting a doctor's opinion is alone grounds for remand. Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000). The ALJ must "minimally articulate his reasons for crediting or rejecting evidence of disability." Scivally v. Sullivan, 966 F.2d 1070, 1076 (7th Cir. 1992). It is the responsibility of the ALJ and not the Commissioner's attorney to articulate the weight to be given the opinions of the plaintiff's treating physicians. See Dixon v. Massanari, 270 F.3d 1171, 1176 (7th Cir. 2001).

The ALJ gave reasons for rejecting the opinions of Dr. Malcolm and Dr. Yunus. He stated that the opinions were not supported by

the actual findings on examination and that plaintiff's mental impairments were stable with medications. The ALJ, however, did not consider other evidence in the record. Specifically, he did not consider at all the opinion of Dr. Sheila Herbert, plaintiff's treating therapist who had seen plaintiff for three years. He also failed to consider the opinion of Dr. Desmonde, a state agency physician, that plaintiff might have problems tolerating the stress and pressure of full time employment. It is possible that these opinions are enough to support the conclusion that the opinions of plaintiff's treating physicians should be given controlling weight. The Court will remand to the Commissioner to consider the opinions of Dr. Herbert and Dr. Desmonde and all evidence in the record in determining the weight to be given the opinions of Dr. Malcolm and Dr. Yunas.

## ORDER

IT IS ORDERED that the above entitled matter is REMANDED to the Commissioner for further proceedings consistent with this opinion.

Entered this 3rd day of December, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge