IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON BLANK,

                    Plaintiff,                    OPINION AND ORDER

     v.                                            07-cv-320-bbc

MICHAEL ASTRUE,
Commissioner of Social Security,

                    Defendant.

---

     Because Judge Shabaz will be convalescing from shoulder surgery for an extended period of time, I have assumed administration of the cases previously assigned to him, including this one.

     On December 3, 2007, Judge Shabaz remanded this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), directing the administrative law judge to consider other evidence in the record in determining what weight to give the opinions of plaintiff's treating physicians. Now before the court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is seeking fees and costs in the amount of $8,314.93, which represents 52.2 hours at the hourly rate of $159.29. Defendant disputes both the amount of the fees and costs sought and the

1

characterization of his position as unjustified. Because I find that defendant's position was unjustified, I will grant the petition for an award of fees and costs. However, I agree with defendant that the fees should be reduced to reflect the excessive amount of time that plaintiff's attorney spent preparing the briefs in this case. Accordingly, I am reducing the fee award to $7,515.48 to reflect what I conclude is a reasonable fee.

FACTS

The relevant facts are set forth in the opinion and order of December 3, 2007. To recap, plaintiff argued that the administrative law judge failed to resolve the inconsistencies between the vocational expert's testimony and the Dictionary of Occupational Titles. Judge Shabaz found that the administrative law judge properly determined that the expert's testimony was consistent with the Dictionary of Occupational Titles, satisfying his duty under Social Security Ruling 00-4p and Prochaska v. Barnhart, 454 F.3d 731 (7th Cir. 2006).

Plaintiff also claimed that the administrative law judge erred in discounting the opinions of plaintiff's treating physicians, Dr. Yunus and Dr. Malcolm, who stated that plaintiff would miss four days of work a month. Malcolm found that plaintiff "possibly" was capable of low-stress work, but Yunus found that plaintiff did not have the mental functional capacity necessary to perform competitive work. Judge Shabaz agreed that the

2

administrative law judge erred in discrediting these opinions because he did not consider other evidence in the record, including the opinions of Dr. Sheila Herbert, plaintiff's treating therapist and Dr. Desmonde, a state agency physician.

OPINION

A.  Entitlement to Attorney Fees

Under the substantially justified standard, a party who succeeds in a suit against the government is not entitled to fees if the government took a position that had "'a reasonable basis in law and fact.' " Young v. Sullivan, 972 F.2d 830, 835 (7th Cir. 1992) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)).  To satisfy the substantial justification standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.  United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000).  Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994).  The government carries the burden of proving that its position was substantially justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).  The commissioner can

3

meet his burden if there was a "genuine dispute," or if reasonable people could differ as to the propriety of the contested action.  Pierce, 487 U.S. at 565.

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action which gave rise to the litigation.  28 U.S.C. § 2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986).  A decision by an administrative law judge constitutes part of the agency's pre-litigation conduct. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004).  "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified.  However, the district court is to make only one determination for the entire civil action."  Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action").  Thus, fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position.  Marcus, 17 F.3d at 1036.  The decision of the administrative law judge is considered part of the defendant's prelitigation conduct, making an examination of that conduct necessary to the substantial justification inquiry.  Golembiewski, 382 F.3d at 724.

4

In this case, the administrative law judge failed to give proper consideration to the opinions of two of plaintiff's treating physicians. The law is well settled in this area. Although an administrative law judge is not bound by the medical opinions of record, he must consider all of them. Haynes v. Barnhart, 416 F.3d 621, 630 (7th Cir. 2005). When a treating physician's opinion is well supported and no evidence exists to contradict it, the administrative law judge has no basis on which to refuse to accept the opinion. Hofslien v. Barnhart, 439 F.3d 375, 377 (7th Cir. 2006); 20 C.F.R. § 404.1527(d)(2). However, when the record contains well-supported contradictory evidence, the treating physician's opinion "is just one more piece of evidence for the administrative law judge to weigh," taking into consideration the various factors listed in the regulation. Id. These factors include how often the treating physician has examined the claimant, whether the physician is a specialist in the condition claimed to be disabling, how consistent the physician's opinion is with the evidence as a whole, and other factors. 20 C.F.R. § 404.1527(d)(2). An administrative law judge must provide "good reasons" for the weight he gives a treating source opinion. Id. He also must base his decision on substantial evidence and not mere speculation. White v. Apfel, 167 F.3d 369, 375 (7th Cir. 1999). The decision cannot stand if it lacks evidentiary support or "is so poorly articulated as to prevent meaningful review." Steele v. Barnhart, 290 F.3d 936, 940 (7th Cir. 2002). When the administrative law judge denies benefits, he

5

must build a logical and accurate bridge from the evidence to his conclusion. Zurawski v. Halter, 245 F.3d 881, 887 (7th Cir. 2001).

Defendant argues that although the administrative law judge may have committed error in assessing the case, his reasons for rejecting the treating physician opinions were not factually or legally insufficient and the government's position was justified. I disagree. In his written decision, the administrative law judge stated that the opinions of Malcolm and Yunus were not supported by clinical findings and that plaintiff's mental impairments were stable with medications. However, the administrative law judge ignored contradictory opinions of plaintiff's treating therapist and a state agency physician. Because the administrative law judge did not consider all of the factors listed in the regulation, the court was unable to conduct a meaningful review of his decision or determine whether his reasons for rejecting Malcolm's and Yunus's opinions were well founded. Accordingly, I can not find the government's position substantially justified.

B. Reasonableness of Fees

In INS v. Jean, 496 U.S. 154 (1990), the Supreme Court held that the district court's task of determining what fee is reasonable under the Equal Access to Justice Act is essentially the same as that described in Hensley v. Eckerhart, 461 U.S. 424 (1983). Jean, 496 U.S. at 161. Under Hensley, the starting point for determining a reasonable fee is to multiply the

6

number of hours reasonably expended by a reasonable hourly rate. Hensley, 461 U.S. at 433. The court should exclude from this initial fee calculation hours that were not "reasonably expended," such as those that are excessive, redundant or otherwise unnecessary, considering factors such as the novelty and difficulty of the questions, the skill required to perform the legal service properly, the customary fee and other factors. Id. at 434 n.9. Whether the hours would be properly billed to a client guides the inquiry. Id. at 434.

For work performed in connection with the merits phase of this case, plaintiff requests compensation in the amount of $7,502.59. This amount represents 47.1 hours spent by her attorney, Dana Duncan, at the hourly rate of $159.29. Duncan's time can be broken down roughly as follows: 11.1 hours preparing the case; 18.5 hours researching, drafting and editing the initial brief; 12.3 hours researching, drafting and editing the reply brief: and 5.2 hours preparing the fee petition.

As a general observation, 47.1 hours is within the range of what has been found reasonable in other social security cases before this court. See, e.g., Seamon v. Barnhart, 05-C-0013-C, Op. and Order, Feb. 23, 2006 (combined 50 hours on initial brief and reply brief not unreasonable); Nickola v. Barnhart, 03-C-622-C, Op. and Order, November 26, 2004 (roughly 60 hours of combined law clerk and attorney time spent producing plaintiff's briefs not excessive); Cloute v. Barnhart, 03-C-737-C, Order, Sept. 24, 2004 (awarding fees for 48.70 hours); Groskreutz v. Barnhart, 02-C-0454-C, Op. and Order Feb. 28, 2005 (34.5

hours for work in district court not excessive); Kleinhans v. Barnhart, 99-C-328-C, Op. and Order, Apr. 25, 2002 (awarding fees for 70 hours, including post-remand work).

Defendant does not contest the hourly rate but argues that the time spent by Duncan on this case is excessive. Specifically, defendant contends that a 53-page initial brief and a 25-page reply brief were unnecessary because the case did not present any complex or novel issues of law. I agree that the length of the briefs in this case was excessive. Plaintiff raised only two challenges to the administrative law judge's decision and both involved routine arguments with which Duncan is quite familiar. Duncan claims that he spent 3.6 hours on "review file and transcript and develop list of issues; review DOT; legal research issues;" 3.6 hours dictating the facts, state agency findings and residual functional capacity assessment of the treating physician; and 8.1 hours on "Prep fact section - Decision, medical records, other sections; prep brief SSR 00-4p section; ignoring evidence of CE's; review file and legal research." Dkt. #27. Duncan spent another 3.5 hours performing legal research for the reply brief. Id. Given the lack of complex legal issues in this case, Duncan spent an excessive amount of time reviewing, developing issues and performing legal research. Accordingly, I will deduct 5 hours from the fee request of 47.1 hours, to 42.1. At $159.29 an hour, this amounts to $6.706.11.

Plaintiff also seeks $812.37 for 5.1 hours of work expended by Duncan on plaintiff's brief in defense of her fee petition. The brief was 19 pages long, only minimally duplicative

8

of the initial fee petition and presented a well-argued response to defendant's opposition. Therefore, I find 5.1 hours to be reasonable.

Adding the amount requested for work on the fee petition to the $6,706.11 found to have been reasonably incurred on the merits litigation leads to a total fee award of $7518.48.

## ORDER

IT IS ORDERED that the petition of plaintiff for an award of attorney fees and expenses under the Equal Access to Justice Act is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded fees in the amount of $7,518.48. That amount is to be made payable to plaintiff's attorney, Dana Duncan, contingent upon counsel's production of an assignment of fee agreement executed by plaintiff.

Entered this 29th day of April, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge